UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THANH DO,

    Plaintiff,

vs.

TOYOTA MOTOR NORTH
AMERICA, WAYNE POWELL,
AND PHILIP PAQUETTE,

    Defendants.
_____/

Case No. 17-12984

HON. GEORGE CARAM STEEH

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS THE COMPLAINT [DOC. 15]

Plaintiff, Thanh Do, is a former Senior Engineer for Toyota Motor North America ("Toyota"). In January 2017, Do, who is Vietnamese, filed a charge of discrimination with the EEOC against Toyota, alleging national origin discrimination. The EEOC issued a right to sue letter on June 21, 2017. Plaintiff filed this Title VII discrimination lawsuit on September 11, 2017 against Toyota and two of its supervisory employees.

Plaintiff began to work for Toyota on April 30, 2012 in Saline, Michigan. On April 13, 2015, as part of a consolidation plan, Toyota introduced the One Toyota Arbitration Agreement and engaged in a rollout process which included distributing the Agreement and making it available

to employees in three different ways: company email accounts, hard copy to the home address on file, and the Human Resources intranet portal. Each communication included the Agreement, a letter of explanation, and Frequently Asked Questions. Each communication included the following statement: "**If you remain employed after August 14, 2015, you will be deemed to have agreed to the Agreement.**" The Agreement went into effect on August 15, 2015. Plaintiff continued to work for Toyota until his voluntary resignation on July 10, 2017.

The Agreement requires the parties to resolve any and all arbitrable claims through mandatory binding arbitration, including all "claims, disputes, or controversies, whether or not arising out of or relating to [Plaintiff's employment or its termination] with Company . . . or that [Plaintiff] may have against (1) Company [or] (2) Company's officers, directors, employees or agents in their capacity as such or otherwise . . . ." The Agreement defines "arbitrable claims" to include:

> (1) *all statutory claims*; (2) claims for wages or other compensation due; (3) claims for breach of any contract or covenant (express or implied); (4) tort claims; (5) *claims for harassment or discrimination*; (6) claims for retaliation; (7) claims for benefits; and (8) claims for violation of any federal, state, or other governmental law, statute, regulation . . . .

Agreement p.1 (emphasis added). The Agreement provides that the

Federal Arbitration Act shall govern its interpretation and enforcement as well as all proceedings pursuant to it. The Frequently Asked Questions explain that "[a]ll legal claims of any kind are subject to arbitration, except for the very limited exceptions specified in the [Agreement]." Frequently Asked Questions No. 4.

The matter is presently before the court on defendants' motion to compel arbitration and to dismiss the complaint. The court held a hearing on the motion on December 13, 2017 at which time it granted defendants' motion. The court explained its reasoning to plaintiff, who is representing himself in this matter, and indicated that it would follow its ruling with a written opinion. Defendants' counsel informed plaintiff how the arbitration process is to be initiated and said she would send plaintiff the relevant information by email.

## **ANALYSIS**

When a party files a motion to compel arbitration, the party opposing arbitration "must show a genuine issue of material fact as to the validity of the agreement to arbitrate. The required showing mirrors that required to withstand summary judgment in a civil suit." *Great Earth Cos. v. Simons*, 288 F.3d 878, 899 (6th Cir. 2002). "As a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of

arbitration." *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 626 (6th Cir. 2004).

"[W]hether or not a company [or individual] is bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the court." *City of Detroit Pension Fund v. Prudential Sec. Inc.*, 91 F.3d 26, 30 (6th Cir. 1996). The Sixth Circuit has identified four factors to consider when deciding a motion to compel arbitration:

> First, [the court] must determine whether the parties agreed to arbitrate; second, [the court] must determine the scope of that agreement; third, if federal statutory claims are asserted, [the court] must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, [the court] must determine whether to stay the remainder of the proceedings pending arbitration.

*Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 451 (6th Cir. 2005).

I. <u>The parties entered into a valid and enforceable agreement</u>

Federal courts look to state law to determine whether a valid arbitration agreement exists between the parties. Under Michigan law, the necessary elements of a contract are: (1) parties competent to contract; (2) proper subject matter; (3) consideration; (4) mutuality of agreement; and (5) mutuality of obligation. *Thomas v. Leja*, 468 N.W.2d 58, 60 (Mich. Ct. App. 1991). Michigan courts additionally require that "the arbitration

agreement does not waive the substantive rights and remedies of the statute and the arbitration procedures are fair so that the employee may effectively vindicate his statutory rights." *Williams v. Serra Chevrolet Auto., LLC*, No. 12-11756, 2013 WL 183942, at *2 (E.D. Mich. Jan. 17, 2013) (citing *Rembert v. Ryan's Family Steak Houses, Inc.*, 596 N.W.2d 208, 226 (Mich. Ct. App. 1999)).

Plaintiff and Toyota were competent to contract and statutory civil rights claims are proper subject matters for arbitration. Toyota's payment of wages and plaintiff's continued employment constitute valid consideration for plaintiff's promise to arbitrate his claims. The Agreement is supported by mutuality of agreement and obligation – the Company and plaintiff "*mutually agree* to resolve through mandatory arbitration any and all past, present and future claims … that Company may have against [Plaintiff] or that [Plaintiff] may have against (1) Company, (2) Company's officers, directors, employees or agents in their capacity as such or otherwise[.]"

Finally, the Agreement does not waive any statutory right or any remedy and provides for the right to be represented by counsel, the right to engage in discovery, the right to a full evidentiary hearing, and the right to a decision by a neutral decision maker.

II. The Agreement clearly encompasses plaintiff's claims

The only claims excluded under the Agreement are claims for temporary restraining orders or preliminary injunctions, claims for workers' compensation and unemployment compensation benefits, and administrative charges and proceedings, such as those before the NLRB and EEOC. Therefore, the Agreement expressly requires plaintiff to arbitrate his claims for discrimination in violation of Title VII.

III. Plaintiff's claims are not excluded from arbitration

Congress has not excluded from arbitration claims for violations of federal and state civil rights statutes.

IV. Dismissal is appropriate

Where a plaintiff's claims fall within the scope of a valid arbitration agreement, the Sixth Circuit has held that a "compulsory arbitration provision divests the District Court of jurisdiction[.]" *Simon v. Pfizer inc.*, 398 F.3d 765, 773 (6th Cir. 2005). Here, all of plaintiff's claims are subject to arbitration and there is "nothing for the district court to do but execute the [arbitration] judgment", so dismissal is appropriate. *Andrews v. TD Ameritrade, Inc.*, 596 Fed. App'x 366, 372 (6th Cir. 2014 (citations omitted).

V. Conclusion

For the reasons set forth at oral argument and in this opinion and

order, the court GRANTS defendants' motion to compel arbitration and DISMISSES plaintiff's complaint.

In addition, the court notes that by agreeing to arbitrate his claims, plaintiff has not waived any substantive right or remedy under Title VII. Rather, the Arbitration Agreement merely dictates the forum in which the parties must litigate the claims. Arbitration is mutually beneficial as it is a faster and less expensive process than litigation. Finally, this court retains jurisdiction to enforce the arbitration award or to hear any challenges regarding the award.

IT IS SO ORDERED.

Dated: January 3, 2018

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 3, 2018, by electronic and/or ordinary mail and also on Thanh Do, 42211 Trotwood Court, Canton, MI 48187.

s/Barbara Radke
Deputy Clerk

---